IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDDIE PERRY | | |
| | Plaintiff, | No.  2:10-CV-00532 LKK GGH (HC) |
| vs. | | |
| G. SWARTHOUT | | |
| | Defendant. | FINDINGS AND RECOMMENDATIONS |
| _____/ | | |

*Introduction and Summary*

Petitioner, a state prisoner serving a 25-life term, does not contest that he was in possession of marijuana in prison.  He does not contest the court verdict that he be found criminally liable for the marijuana possession, nor does he challenge the one year, consecutive (to his life term) punishment imposed by the court.  He does challenge the use of the criminal conviction in the prison disciplinary process leading to an administrative conviction of distribution or trafficking illegal substances in prison which resulted in an additional "punishment" of 180 days credit loss.  He does *not* challenge his administrative conviction on double jeopardy grounds, but solely on the manner in which the court's verdict was allegedly utilized in his disciplinary proceeding and thereafter in his appeals.

Respondent meets the liberty interest issue raised by petitioner by asserting that federal habeas corpus does not lie to correct asserted errors in state law.  For the reasons that

1

follow, the undersigned agrees and supplements that finding.  The petition should be denied.

*Facts*

   After engaging in a prison visit, petitioner was searched.  Just prior to or during the search, the officer noticed that petitioner had tossed an object to the floor.  The object was retrieved, and later proved to contain 18.4 grams of marijuana.  The matter was referred to the District Attorney who brought charges against petitioner in Superior Court.  After a court trial, petitioner was found guilty of a violation of Cal. Penal Code § 4573.6 (possession of controlled substance in prison).  Judgment was entered on August 27, 2008.  He was sentenced to a one year term consecutive to his indeterminate life sentence.

   Petitioner's administrative proceedings had been suspended pending outcome of the criminal case, but were reactivated after his conviction was entered.  In the administrative proceedings, petitioner was charged with a violation of introduction of a controlled substance into the institution (prison) *for distribution*, in violation of Title 15 CCR 3016(c).  On September 17, 2008 (signed on September 17), petitioner was found guilty, and lost 180 days of time credit.  In the written findings, the hearing officer considered anew all the evidence that had been administratively procured, and in the last paragraph of the evidence summation, noted that petitioner had been found guilty of possession in prison by the Superior Court.

   An administrative appeal was taken with petitioner's issue being that the administrative charge should not have been a distribution charge; rather, the prison was limited to the charge set forth in the court verdict – a lesser possession charge, see 15 CCR 3316(c)(3).  Clearly out of his element, the Warden reasoned:

> Review of CCR 3316(c)(3) reflects that CDCR can find you guilty as charged [administratively], even if the court finds you guilty of a lesser charge, when the court verdict is <u>not</u> based on a guilty finding by a jury trial.  In your case you were not found guilty by a jury trial or by plea agreement.  You were found guilty by court decision, which is equivalent to a negotiated settlement....Therefore, the SHO appropriately found you guilty of the charge *Introduction of Controlled Substance into Institution for Distribution.*"

Second Level Appeal Response, Petition at 20 (electronic pagination).[1]

Despite the doubtful equation of a court trial to a negotiated settlement, the Third Level Appeal, (Director's Level) "reaffirm[ed] the institution's examination and conclusions as addressed within the SLR." Director's Level Decision, Petition at 16 (electronic pagination).

Petitioner thereupon started his state habeas rounds, and received an explained decision from the Superior Court:

> Petitioner misunderstands the meaning of Section 3316(c)(3). In petitioner's case, both the court and the CDC found possession. At the disciplinary hearing, the CDC accepted the Court's finding of possession, and it went one element further finding the intent to distribute as well. The CDC would be prohibited from disciplining Petitioner for possession for distribution only if the Court found petitioner not guilty of possession for distribution after trial.

Order, Petition at 11-12 (electronic pagination)

Habeas petitions at the Court of Appeal and Supreme Court levels were denied without comment.

*Issues*

Title 15 CCR § 3316(c)(3) provides:

> (3) A court verdict of guilty or not guilty, resulting from a trial, shall be accepted as the finding of fact on the same charges in a disciplinary hearing. Should the court accept a plea agreement or negotiated settlement resulting in a conviction for a lesser offense than was originally charged, or if a court dismisses a charge prior to trial, the Department shall not be precluded from taking appropriate administrative action based on the facts contained in the original charge. If a court finds the inmate not guilty after a finding of guilty in a disciplinary hearing, the rule violation charges shall be dismissed.

Petitioner reads the regulation as one creating a liberty interest, and precluding the court possession conviction from being used at all in the more serious distribution charge at the disciplinary hearing. This argument is cast within the framework of due process and equal protection. He assails the administration's reasoning that because he did not receive a jury trial,

---

[1] CCR 3316(c) forms the crux of petitioner's issue in this habeas. It will be quoted in the *Issues* section, but essentially permits the use of state court convictions in prison disciplinary actions.

3

but rather a court trial, the second sentence of the regulation comes into play. As petitioner sees it, the enhanced administrative charge could only be maintained if there had been a plea disposition in state court. He argues that the prison administrators could find no more than what the court verdict found.[2] Respondent asserts that the interpretation of this regulation is a matter of state law.

No other issues are fairly raised by the petition even under a lenient review, and no other issues have apparently been exhausted.

*Discussion*[3]

While petitioner is correct in his assertions that the Warden's and Director's interpretation of the regulation does not make much sense, and that it is incorrect to assert that a court trial has any less litigation significance than does a jury trial, i.e., a court trial is not like a plea disposition, petitioner picks the wrong fight. In federal habeas, it is the last reasoned decision of the state *court* which serves as the basis upon which to review petitioner's conviction in this federal habeas action. Medley v. Runnels, 506 F.3d 857, 862 (9th Cir. 2007) (en banc). That court was the state Superior Court. That court correctly did not adopt the administrative reasoning, but rather interpreted the regulation itself, and it is that interpretation which is entitled to deference. Secondly, even if this finding were to be found erroneous, the regulation does not create a liberty interest or have anything to do with equal protection. Simply because petitioner claims that a procedural regulation was used incorrectly at his hearing does not raise the assertion to one of equal protection significance. If such were the case, every asserted error in the handling of a criminal or quasi-criminal proceeding would raise a federal constitutional "equal protection"

---

[2] The undersigned does not agree with petitioner's interpretation of the second sentence, but this disagreement is not germane to the outcome.

[3] The court will dispense with a lengthy legal standards section explicating AEDPA, the federal law which governs this habeas case, because that law does not affect the outcome here. Rather, the traditional habeas canons that federal habeas corpus does not lie to correct asserted errors in state law, and that state courts are the authoritative voice on the interpretation of state law, are the dispositive analyses in this case. That law will be cited within the text.

4

issue. Thirdly, the Hearing Officer, independent of the state court conviction, made a detailed review of the evidence, and found petitioner guilty of the administrative distribution charge on that evidence.

Turning to the first ground for this decision, the Superior Court did not base its decision on sentences two or three of the regulation. That is, the Superior Court did not view a court trial as the procedural equivalent of a negotiated settlement (sentence two). Indeed, the regulation at issue makes no mention of a "jury trial," but only refers to a "court verdict," which is easily read to encompass both a court and jury trial. Sentence three did not apply as petitioner was not found – "not guilty." It is the first sentence which is at issue. To repeat the first sentence of the regulation: "[a] court verdict of guilty or not guilty, resulting from a trial, shall be accepted as the finding of fact on the same charges in a disciplinary hearing." One could quibble with the implicit interpretation of the Superior Court that possession of controlled substances and distribution of controlled substances were the "same charges." On the other hand, one could reasonably interpret "same charges" in this administrative context as being charges with the same elements, or at least some of the same elements.

The Superior Court's interpretation – that the regulation permitted the administrators to apply the verdict to the possession element within the distribution charge, and then go "one element further" – is an interpretation of state law which cannot be overturned unless it is patently arbitrary and designed to avoid a federal issue. Medley v. Runnels, supra; Mendez v. Small, 298 F.3d 1154, 1158 (9th Cir. 2002) ("A state court has the last word on interpretation of state law."). This federal court should not be determining the "correct" interpretation of state law at odds with the state court. Thus, petitioner is stuck with the interpretation of the state court, an interpretation which disposes of his claim here.

Moreover, the undersigned is unable to discern a liberty interest in the regulation which gives this court the authority to weigh in on the matter at all. Whether the issue should be analyzed under the Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293 (1995), atypical and

significant hardship analysis which applies to prison conditions, or under the <u>Hewitt v. Helms</u>, 459 U.S. 460, 103 S.Ct. 864 (1983) "mandatory directive if certain factual predicates are found" analysis, the result is the same.[4]  If one uses the <u>Sandin</u> paradigm, it cannot be said that a rule of evidence permitting collateral estoppel application, something which is quite ordinarily applied in civil cases, creates an "atypical hardship" in the prison disciplinary context.  Using the <u>Hewitt</u> framework, there are no factual predicates which dictate an action that is of assistance to petitioner in any event.  The only "shall" in the regulation of pertinence here appears in the first sentence and refers to the ability of the administrators to use court verdicts for dispositive factual purposes *adverse to the prisoner*.  Petitioner has no right in the application of that evidentiary rule whatsoever, i.e., there is no corresponding "shall not" use the verdict for any purposes provision which prohibits the utilization of the verdict in situations where the "same charges" are not at issue.  The regulation is simply silent on uses of the verdict in situations where the identical charges are not at issue.  Moreover, this evidentiary regulation does not touch upon a fundamental liberty interest, such as the holding of the hearing in the first instance; rather it is simply a subsidiary evidentiary direction within the hearing process.  Liberty interests are not intended to incorporate every procedural protection or direction given by state law; the only federal function of a liberty interest is to proscribe those minimum *federally derived* protections necessary for due process to be satisfied.  <u>James v. Rowlands</u>, 606 F.3d 646, 656-57 (9th Cir. 2010).  But again, even if the undersigned is in error in not finding a liberty interest, the interpretation of state law which sets up that interest is one for the state courts.

       Similarly, simply invoking "equal protection," and some of the phrases associated with the concept such as "class of one," does not transform a purely state law issue into a Fourteenth Amendment equal protection issue.  Generally, a petitioner invoking equal protection

---

[4] <u>Sandin</u> better fits a prison conditions case than in the application of an evidentiary presumption in a disciplinary hearing; <u>Hewitt</u> more easily applies to non-conditions cases.  <u>See</u> discussion of the interplay of the two cases in <u>McQuillion v. Duncan</u>, 306 F.3d 895, 903 (9th Cir. 2002).

must demonstrate that he is similarly situated to other persons, but received an application of the law which another person(s) did not. The federal court would then decide whether the distinction in application occurred because the state had a rational basis for the distinction, or for fundamental rights or suspect classes, a compelling interest for the distinction.  The utilization of a court verdict for factual finding purposes in every disciplinary hearing situation where the administrative charges were the same, or sufficiently similar to the criminal court charges, does not raise an equal protection issue.  Moreover, the "class of one" theory, referenced by petitioner, in equal protection jurisprudence does not apply.  See N. Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir.2008) ("In order to claim a violation of equal protection in a class of one case, the plaintiff must establish that the [government entity] intentionally, and without rational basis, treated the plaintiff differently from others similarly situated."  Plaintiff has not shown disparate treatment at all.

        Finally, even if the undersigned were wrong in every aspect of the above discussion, and a due process violation existed in this habeas case, the use of the verdict in this case was inconsequential.  As the hearing officer's decision shows, Petition at 29-32 (electronic pagination), the officer exhaustively detailed the evidence in his possession before even mentioning the court verdict, which was referenced more or less as an add-on.  In finding petitioner guilty, although the hearing officer equated the court found "possession" charge with the "distribution" charge, the hearing officer found the potential for controlled substance distribution based primarily on the amount of marijuana and the separate (distributable) packaging of the marijuana.  Petition at 33 (electronic pagination).  Reference to the court verdict by the hearing officer cannot be said to have had any substantial and injurious effect on the outcome here – i.e., the decision of distribution would have been made without the court verdict.  And such injurious effect is necessary to find before petitioner can prevail.  Brecht v. Abrahamson, 507 U.S. 619, 637, 113 S.Ct. 1710 (1993).

////

*Conclusion*

Accordingly, IT IS HEREBY RECOMMENDED that the petition for habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 2, 2012

      /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE