1

2

3

4

5

6

7

8           IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   EDDIE PERRY

                         Plaintiff,                No.  2:10-CV-00532 LKK GGH (HC)

11
                vs.
12
     G. SWARTHOUT
13                       Defendant.                FINDINGS AND RECOMMENDATIONS

14   _____/

15   *Introduction and Summary*

16           Petitioner, a state prisoner serving a 25-life term, does not contest that he was in

17   possession of marijuana in prison.  He does not contest the court verdict that he be found

18   criminally liable for the marijuana possession, nor does he challenge the one year, consecutive (to

19   his life term) punishment imposed by the court.  He does challenge the use of the criminal

20   conviction in the prison disciplinary process leading to an administrative conviction of

21   distribution or trafficking illegal substances in prison which resulted in an additional

22   "punishment" of 180 days credit loss.  He does *not* challenge his administrative conviction on

23   double jeopardy grounds, but solely on the manner in which the court's verdict was allegedly

24   utilized in his disciplinary proceeding and thereafter in his appeals.

25           Respondent meets the liberty interest issue raised by petitioner by asserting that

26   federal habeas corpus does not lie to correct asserted errors in state law.  For the reasons that

                                              1

1  follow, the undersigned agrees and supplements that finding.  The petition should be denied.

2  *Facts*

3          After engaging in a prison visit, petitioner was searched.  Just prior to or during the

4  search, the officer noticed that petitioner had tossed an object to the floor.  The object was

5  retrieved, and later proved to contain 18.4 grams of marijuana.  The matter was referred to the

6  District Attorney who brought charges against petitioner in Superior Court.  After a court trial,

7  petitioner was found guilty of a violation of Cal. Penal Code § 4573.6 (possession of controlled

8  substance in prison).  Judgment was entered on August 27, 2008.  He was sentenced to a one year

9  term consecutive to his indeterminate life sentence.

10          Petitioner's administrative proceedings had been suspended pending outcome of

11  the criminal case, but were reactivated after his conviction was entered.  In the administrative

12  proceedings, petitioner was charged with a violation of introduction of a controlled substance into

13  the institution (prison) *for distribution*, in violation of Title 15 CCR 3016(c).  On September 17,

14  2008 (signed on September 17), petitioner was found guilty, and lost 180 days of time credit.  In

15  the written findings, the hearing officer considered anew all the evidence that had been

16  administratively procured, and in the last paragraph of the evidence summation, noted that

17  petitioner had been found guilty of possession in prison by the Superior Court.

18          An administrative appeal was taken with petitioner's issue being that the

19  administrative charge should not have been a distribution charge; rather, the prison was limited to

20  the charge set forth in the court verdict – a lesser possession charge, see 15 CCR 3316(c)(3).

21  Clearly out of his element, the Warden reasoned:

22          Review of CCR 3316(c)(3) reflects that CDCR can find you guilty as charged
          [administratively], even if the court finds you guilty of a lesser charge, when the

23          court verdict is <u>not</u> based on a guilty finding by a jury trial.  In your case you were
          not found guilty by a jury trial or by plea agreement.  You were found guilty by

24          court decision, which is equivalent to a negotiated settlement....Therefore, the SHO
          appropriately found you guilty of the charge *Introduction of Controlled Substance*

25          *into Institution for Distribution."*

26

2

1   Second Level Appeal Response, Petition at 20 (electronic pagination).[1]

2           Despite the doubtful equation of a court trial to a negotiated settlement, the Third

3   Level Appeal, (Director's Level) "reaffirm[ed] the institution's examination and conclusions as

4   addressed within the SLR."  Director's Level Decision, Petition at 16 (electronic pagination).

5           Petitioner thereupon started his state habeas rounds, and received an explained

6   decision from the Superior Court:

7       Petitioner misunderstands the meaning of Section 3316(c)(3).  In petitioner's case,
        both the court and the CDC found possession.  At the disciplinary hearing, the
8       CDC accepted the Court's finding of possession, and it went one element further
        finding the intent to distribute as well.  The CDC would be prohibited from
9       disciplining Petitioner for possession for distribution only if the Court found
        petitioner not guilty of possession for distribution after trial.

10

11  Order, Petition at 11-12 (electronic pagination)

12  Habeas petitions at the Court of Appeal and Supreme Court levels were denied without comment.

13  *Issues*

14          Title 15 CCR §  3316(c)(3) provides:

15      (3) A court verdict of guilty or not guilty, resulting from a trial, shall be accepted as
        the finding of fact on the same charges in a disciplinary hearing. Should the court
16      accept a plea agreement or negotiated settlement resulting in a conviction for a
        lesser offense than was originally charged, or if a court dismisses a charge prior to
17      trial, the Department shall not be precluded from taking appropriate administrative
        action based on the facts contained in the original charge. If a court finds the
18      inmate not guilty after a finding of guilty in a disciplinary hearing, the rule
        violation charges shall be dismissed.

19

20          Petitioner reads the regulation as one creating a liberty interest, and precluding the

21  court possession conviction from being used at all in the more serious distribution charge at the

22  disciplinary hearing.  This argument is cast within the framework of due process and equal

23  protection.  He assails the administration's reasoning that because he did not receive a jury trial,

24  _____

25      [1]CCR 3316(c) forms the crux of petitioner's issue in this habeas.  It will be quoted in the
    *Issues* section, but essentially permits the use of state court convictions in prison disciplinary
26  actions.

3

1  but rather a court trial, the second sentence of the regulation comes into play.  As petitioner sees

2  it, the enhanced administrative charge could only be maintained if there had been a plea

3  disposition in state court.  He argues that the prison administrators could find no more than what

4  the court verdict found.[2]   Respondent asserts that the interpretation of this regulation is a matter

5  of state law.

6          No other issues are fairly raised by the petition even under a lenient review, and no

7  other issues have apparently been exhausted.

8  *Discussion*[3]

9          While petitioner is correct in his assertions that the Warden's and Director's

10  interpretation of the regulation does not make much sense, and that it is incorrect to assert that a

11  court trial has any less litigation significance than does a jury trial, i.e., a court trial is not like a

12  plea disposition, petitioner picks the wrong fight.  In federal habeas, it is the last reasoned

13  decision of the state *court* which serves as the basis upon which to review petitioner's conviction

14  in this federal habeas action.  Medley v. Runnels, 506 F.3d 857, 862 (9th Cir. 2007) (en banc).

15  That court was the state Superior Court.  That court correctly did not adopt the administrative

16  reasoning, but rather interpreted the regulation itself, and it is that interpretation which is entitled

17  to deference.  Secondly, even if this finding were to be found erroneous, the regulation does not

18  create a liberty interest or have anything to do with equal protection.  Simply because petitioner

19  claims that a procedural regulation was used incorrectly at his hearing does not raise the assertion

20  to one of equal protection significance.  If such were the case, every asserted error in the handling

21  of a criminal or quasi-criminal proceeding would raise a federal constitutional "equal protection"

22

23          [2] The undersigned does not agree with petitioner's interpretation of the second sentence, but this disagreement is not germane to the outcome.

24          [3] The court will dispense with a lengthy legal standards section explicating AEDPA, the
25  federal law which governs this habeas case, because that law does not affect the outcome here.
    Rather, the traditional habeas canons that federal habeas corpus does not lie to correct asserted
    errors in state law, and that state courts are the authoritative voice on the interpretation of state
26  law, are the dispositive analyses in this case.  That law will be cited within the text.

4

1   issue.  Thirdly, the Hearing Officer, independent of the state court conviction, made a detailed

2   review of the evidence, and found petitioner guilty of the administrative distribution charge on

3   that evidence.

4           Turning to the first ground for this decision, the Superior Court did not base its

5   decision on sentences two or three of the regulation.  That is, the Superior Court did not view a

6   court trial as the procedural equivalent of a negotiated settlement (sentence two).  Indeed, the

7   regulation at issue makes no mention of a "jury trial," but only refers to a "court verdict," which is

8   easily read to encompass both a court and jury trial.  Sentence three did not apply as petitioner was

9   not found – "not guilty."  It is the first sentence which is at issue.  To repeat the first sentence of

10  the regulation: "[a] court verdict of guilty or not guilty, resulting from a trial, shall be accepted as

11  the finding of fact on the same charges in a disciplinary hearing."  One could quibble with the

12  implicit interpretation of the Superior Court that possession of controlled substances and

13  distribution of controlled substances were the "same charges."  On the other hand, one could

14  reasonably interpret "same charges" in this administrative context as being charges with the same

15  elements, or at least some of the same elements.

16          The Superior Court's interpretation – that the regulation permitted the

17  administrators to apply the verdict to the possession element within the distribution charge, and

18  then go "one element further" – is an interpretation of state law which cannot be overturned unless

19  it is patently arbitrary and designed to avoid a federal issue.  Medley v. Runnels, supra; Mendez

20  v. Small, 298 F.3d 1154, 1158 (9th Cir. 2002) ("A state court has the last word on interpretation

21  of state law.").  This federal court should not be determining the "correct" interpretation of state

22  law at odds with the state court.  Thus, petitioner is stuck with the interpretation of the state court,

23  an interpretation which disposes of his claim here.

24          Moreover, the undersigned is unable to discern a liberty interest in the regulation

25  which gives this court the authority to weigh in on the matter at all.  Whether the issue should be

26  analyzed under the Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293 (1995), atypical and

significant hardship analysis which applies to prison conditions, or under the Hewitt v. Helms,

459 U.S. 460, 103 S.Ct. 864 (1983) "mandatory directive if certain factual predicates are found"

analysis, the result is the same.[4]  If one uses the Sandin paradigm, it cannot be said that a rule of

evidence permitting collateral estoppel application, something which is quite ordinarily applied in

civil cases, creates an "atypical hardship" in the prison disciplinary context.  Using the Hewitt

framework, there are no factual predicates which dictate an action that is of assistance to

petitioner in any event.  The only "shall" in the regulation of pertinence here appears in the first

sentence and refers to the ability of the administrators to use court verdicts for dispositive factual

purposes *adverse to the prisoner*.  Petitioner has no right in the application of that evidentiary rule

whatsoever, i.e., there is no corresponding "shall not" use the verdict for any purposes provision

which prohibits the utilization of the verdict in situations where the "same charges" are not at

issue.  The regulation is simply silent on uses of the verdict in situations where the identical

charges are not at issue.  Moreover, this evidentiary regulation does not touch upon a fundamental

liberty interest, such as the holding of the hearing in the first instance; rather it is simply a

subsidiary evidentiary direction within the hearing process.  Liberty interests are not intended to

incorporate every procedural protection or direction given by state law; the only federal function

of a liberty interest is to proscribe those minimum *federally derived* protections necessary for due

process to be satisfied.  James v. Rowlands, 606 F.3d 646, 656-57 (9th Cir. 2010).  But again,

even if the undersigned is in error in not finding a liberty interest, the interpretation of state law

which sets up that interest is one for the state courts.

Similarly, simply invoking "equal protection," and some of the phrases associated

with the concept such as "class of one," does not transform a purely state law issue into a

Fourteenth Amendment equal protection issue.  Generally, a petitioner invoking equal protection

---

[4] Sandin better fits a prison conditions case than in the application of an evidentiary presumption in a disciplinary hearing; Hewitt more easily applies to non-conditions cases.  See discussion of the interplay of the two cases in McQuillion v. Duncan, 306 F.3d 895, 903 (9th Cir. 2002).

must demonstrate that he is similarly situated to other persons, but received an application of the law which another person(s) did not. The federal court would then decide whether the distinction in application occurred because the state had a rational basis for the distinction, or for fundamental rights or suspect classes, a compelling interest for the distinction.  The utilization of a court verdict for factual finding purposes in every disciplinary hearing situation where the administrative charges were the same, or sufficiently similar to the criminal court charges, does not raise an equal protection issue.  Moreover, the "class of one" theory, referenced by petitioner, in equal protection jurisprudence does not apply.  See N. Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir.2008) ("In order to claim a violation of equal protection in a class of one case, the plaintiff must establish that the [government entity] intentionally, and without rational basis, treated the plaintiff differently from others similarly situated."  Plaintiff has not shown disparate treatment at all.

Finally, even if the undersigned were wrong in every aspect of the above discussion, and a due process violation existed in this habeas case, the use of the verdict in this case was inconsequential.  As the hearing officer's decision shows, Petition at 29-32 (electronic pagination), the officer exhaustively detailed the evidence in his possession before even mentioning the court verdict, which was referenced more or less as an add-on.  In finding petitioner guilty, although the hearing officer equated the court found "possession" charge with the "distribution" charge, the hearing officer found the potential for controlled substance distribution based primarily on the amount of marijuana and the separate (distributable) packaging of the marijuana.  Petition at 33 (electronic pagination).  Reference to the court verdict by the hearing officer cannot be said to have had any substantial and injurious effect on the outcome here – i.e., the decision of distribution would have been made without the court verdict.  And such injurious effect is necessary to find before petitioner can prevail.  Brecht v. Abrahamson, 507 U.S. 619, 637, 113 S.Ct. 1710 (1993).

////

7

1   _Conclusion_

2         Accordingly, IT IS HEREBY RECOMMENDED that the petition for habeas

3   corpus be denied.

4         These findings and recommendations are submitted to the United States District

5   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

6   one days after being served with these findings and recommendations, any party may file written

7   objections with the court and serve a copy on all parties.  Such a document should be captioned

8   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

9   shall be served and filed within seven days after service of the objections.  The parties are advised

10  that failure to file objections within the specified time may waive the right to appeal the District

11  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12  DATED: March 2, 2012

                                    /s/ Gregory G. Hollows
13                                  UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26